```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
LOUIS R. ANEMONE,                  :
                                   :
                Plaintiff,         :   05 Civ. 3170 (MBM)
                                   :
    -against-                      :   OPINION AND ORDER
                                   :
METROPOLITAN TRANSPORTATION        :
AUTHORITY, PETER S. KALIKOW,       :
KATHERINE N. LAPP, GARY J.         :
DELLAVERSON and MATTHEW D.         :
SANSVERIE,                         :
                                   :
                Defendants.        :
-----------------------------------X
```

APPEARANCES:

MATTHEW D. BRINCKERHOFF, ESQ.
O. ANDREW F. WILSON, ESQ.
(Attorneys for plaintiff)
Emery Celli Brinkerhoff & Abady LLP
545 Madison Avenue
3rd Floor
New York, NY 10022
(212) 763-5000

LOUIS PECHMAN, ESQ.
(Attorney for defendant Matthew D. Sansverie)
Berke-Weiss & Pechman LLP
488 Madison Avenue
11th Floor
New York, NY 10022
(212) 583-9500

MICHAEL B. MUKASEY, U.S.D.J.

Plaintiff Louis R. Anemone moves pursuant to Local Civil Rule 6.3 for reconsideration of a portion of this court's January 24, 2006 opinion dismissing his free speech and due process conspiracy claims brought under 42 U.S.C. § 1983 (2000) as barred by the "intracorporate conspiracy doctrine."  See Anemone v. Metro. Transp. Auth., 410 F. Supp. 2d. 255, 271 (S.D.N.Y. 2006).[1]  Because plaintiff has neither identified any controlling decisions that this court overlooked in its prior opinion nor persuaded the court that the intracorporate conspiracy doctrine should not apply in this case, plaintiff's motion for reconsideration is denied.

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked."  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also In re Initial Pub. Offering Sec. Litig., 399 F. Supp. 2d 298, 300

---

[1]  Familiarity with that opinion is assumed for present purposes; the factual background of plaintiff's claims will not be revisited here.

1

(S.D.N.Y. 2005) (noting that reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources") (internal quotation marks omitted).

In moving for reconsideration, Anemone does not identify any controlling decisions that this court overlooked in its prior opinion applying the intracorporate conspiracy doctrine to dismiss his claims. Nor could he. Although the Second Circuit has not addressed whether the doctrine applies to claims brought under 42 U.S.C. § 1983, it has twice endorsed the doctrine in actions charging conspiracy to violate civil rights and applied it to claims brought under 42 U.S.C. § 1985. See Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978); Girard v. 94th St. & Fifth Ave. Corp., 530 F.2d 66, 70-71 (2d Cir. 1976). Also, district courts in the Second Circuit have applied the doctrine to bar claims asserted under Section 1983, the section at issue here, on at least five occasions -- and not, as plaintiff contends, solely in dicta. See Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 514 (S.D.N.Y. 2003); Nat'l Cong. for Puerto Rican Rights v. City of New York, 75 F. Supp. 2d 154, 168-69 (S.D.N.Y. 1999); Jackson v. New York, 381 F. Supp. 2d 80, 90-91 (N.D.N.Y. 2005); Nassau County Employee "L" v. County of Nassau, 345 F. Supp. 2d 293, 304-05 (E.D.N.Y. 2004); Kamara v. City of New York, No. 03 Civ. 0337 (CPS), 2005 WL 3113423, at *7

(E.D.N.Y. Nov. 21, 2005). In fact, although Anemone correctly notes that some courts in other circuits have questioned the doctrine's applicability in civil rights cases (see Pl. Mem. at 4-5), he fails to identify a single case within the Second Circuit where a court held the doctrine inapplicable to Section 1983 claims.[2]

In the absence of controlling contrary authority, this court will continue to apply the intracorporate conspiracy doctrine to Section 1983 claims because the doctrine's logic is sound. A civil rights conspiracy requires an agreement between two or more actors to inflict an unconstitutional injury. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). This "two or more actors" requirement cannot be satisfied where all of the alleged conspirators are employees of a single entity and acting within the scope of their employment as agents of that entity. Although an exception to the doctrine applies when individual employees are "pursuing personal interests wholly separate and apart from the entity," see, e.g., Nassau County

---

[2] Several courts in other districts, as well as one circuit court, have concluded that the intracorporate conspiracy doctrine applies to Section 1983 claims. See, e.g., Buschi v. Kirven, 775 F.2d 1240, 1251-53 (4th Cir. 1985); Tabor v. City of Chicago, 10 F. Supp. 2d 988, 994 (N.D. Ill. 1998); Rojicek v. Cmty. Consol. Sch. Dist. 15, 934 F. Supp. 280, 281 (N.D. Ill. 1996); Veney v. Ojeda, 321 F. Supp. 2d 733, 748 (E.D. Va. 2004); A.B. v. Seminole County Sch. Bd., No. 6:05 Civ. 802 (ORL)(31)(KRS), 2005 WL 2105961, at *9 (M.D. Fla. Aug. 31, 2005); Turner v. Viviano, No. 04 Civ. 70509 (DT), 2005 WL 1678895, at *13 (E.D. Mich. July 15, 2005).

Employee "L", 354 F. Supp. 2d at 304 (internal quotation marks omitted), this exception is of no use to Anemone here because he alleges that all of the individual defendants were acting within the scope of their employment when they violated his constitutional rights (see Compl. ¶¶ 117, 134, 151), and he claims that the acts of firing and stigmatizing him "were taken pursuant to official policy, practice and custom" (id. ¶¶ 119, 135, 154).

Although the intracorporate conspiracy doctrine limits the liability of individual defendants belonging to the same public entity in certain cases, Anemone's contention that the doctrine grants public employees "a license to conspire to violate a persons [sic] constitutional rights with impunity" (Pl. Mem. at 7) sounds a false alarm. Even without a Section 1983 conspiracy claim, a plaintiff who suffers a constitutional injury can still assert direct Section 1983 claims against each and every public employee who participated in the deprivation in his or her individual capacity seeking both compensatory and punitive damages. See Smith v. Wade, 461 U.S. 30, 35 (1983). Additionally, a claim for damages against the municipal entity brought under Monell v. Department of Social Services, 436 U.S. 658 (1978), is not as narrowly circumscribed as plaintiff suggests. See, e.g., Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 126 (2d Cir. 2004) (noting that "even a single action

4

by a decisionmaker who 'possesses final authority to establish municipal policy with respect to the action ordered,' is sufficient to implicate the municipality in the constitutional deprivation for the purposes of § 1983") (quoting <u>Pembaur</u> v. <u>City of Cincinnati</u>, 475 U.S. 469, 481-82 (1986)) (internal citation omitted). Indeed, Anemone's complaint itself, which includes individual claims against several MTA officials and a <u>Monell</u> claim directly against the MTA, illustrates the many avenues of relief open to a victim of a constitutional deprivation.

\*       \*       \*

For the reasons set forth above, Anemone's motion for reconsideration of the dismissal of his Section 1983 conspiracy claims is denied.

SO ORDERED:

Michael B. Mukasey,
U.S. District Judge

Dated: New York, New York
       March 13, 2006

5